**Paula SUTTON, Plaintiff-Appellant,**

v.

**Ryan ZINKE, Department of Interior (Bureau of Indian Affairs), agency,\* Defendant-Appellee.**

**No. 16-35511**

United States Court of Appeals, Ninth Circuit.

Submitted June 26, 2017 \*\*

Filed July 6, 2017

Steven L. Herrickk, Tully Rinckey PLLC, San Diego, CA, for Plaintiff-Appellant

Edward Bryan Wilson, III, Assistant U.S. Attorney, Office of the U.S. Attorney, Anchorage, AK, for Defendant-Appellee

Before: PAEZ, BEA, and MURGUIA, Circuit Judges.

---

\* Ryan Zinke has been substituted for his predecessor, Sally Jewell, as Secretary of the Interior under Fed. R. App. P. 43(c)(2).

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

MEMORANDUM \*\*\*

Paula Sutton appeals from the district court's summary judgment in her employment action alleging sex, age, and disability discrimination in violation of Title VII, the Age Discrimination in Employment Act ("ADEA"), and the Rehabilitation Act. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Vasquez v. County of Los Angeles*, 349 F.3d 634, 639 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment on Sutton's sex and age discrimination claims because Sutton failed to raise a genuine dispute of material fact as to whether defendant's legitimate, non-discriminatory reasons for not hiring Sutton were pretextual. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1062 (9th Cir. 2002) (setting forth framework for Title VII sex discrimination claim and explaining that summary judgment is appropriate where plaintiff did not establish "a discriminatory reason more likely motivated the employer or ... that the employer's proffered explanation is unworthy of credence" (citations and internal quotation marks omitted)); *Sanghvi v. City of Claremont*, 328 F.3d 532, 536 n.3 (9th Cir. 2003) (Title VII and ADEA claims are analyzed under the same burden-shifting framework).

The district court properly granted summary judgment on Sutton's disability discrimination claim because Sutton failed to raise a genuine dispute of material fact as to whether her hearing loss constituted a disability. *See* 42 U.S.C. § 12102(1) (defining "disability" under the Americans with

---

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Disabilities Act ("ADA")); *Walton v. U.S. Marshals Serv.*, 492 F.3d 998, 1005 (9th Cir. 2007) (standards provided by ADA apply to claims brought under the Rehabilitation Act).

The parties' joint motion to submit the case on the briefs (Docket Entry No. 30) is granted.

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.